UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC ORTIZ,

                Plaintiff,

      v.

WARDEN FRANK LARA,

                Defendant.

11 Civ. 2092

**OPINION**

---

Petitioner Eric Ortiz, serving a 120-month sentence in federal prison, seeks relief under 28 U.S.C. § 2241, claiming that the Bureau of Prisons incorrectly computed his prison sentence. He argues that he has been improperly denied credit on his federal sentence for the time he spent in federal custody while he was still serving a state burglary sentence.

The petition is denied.

## FACTS

Background

The New York Police Department arrested Ortiz on June 16, 2005, for attempted burglary. On January 30, 2006, he pleaded guilty in New York state court to third-degree attempted burglary. He was sentenced on June 8, 2006, to 1.5 to 3 years with an initial parole-eligibility date of September 24, 2007.

Between his guilty plea in the state burglary case and his sentencing, Ortiz was on bail. While on bail, he was arrested on April 5, 2006, after New York Police Department officers searched his residence and found firearms,

heroin, and cocaine. He was taken into custody by the NYPD and remained in custody for 64 days, through his June 8, 2006, sentencing on the burglary charge. However, Ortiz was not immediately charged with any criminal offense related to that arrest and has never been charged by New York State authorities in connection with that arrest.[1]

On September 7, 2006, while he was serving his state sentence, he was "borrowed" from state custody by the U.S. Marshals pursuant to a writ of habeas corpus ad prosequendum, which entitles the federal authorities to take a prisoner from state custody and hold him in federal custody to answer charges in federal court. As will be explained below, although Ortiz was being held by federal authorities, he was still serving his state burglary sentence and still legally considered to be in the custody of the state.

On June 29, 2007, Ortiz pleaded guilty in federal court to (1) possession with intent to distribute cocaine and heroin and (2) being a felon in possession of a firearm. This plea was before Judge Irizarry of the United States District Court for the Eastern District of New York. He remained in federal custody.

On September 24, 2007, Ortiz became eligible for parole on his state burglary conviction. However, because he was still in federal custody at the time pursuant to the writ, he was not taken to his parole hearing. To obtain parole, he would have had to appear before the New York State Parole Board. Although it is not entirely clear from the parties' submissions, it appears that a hearing was scheduled for September 24, 2007. Petitioner claims to have

---

[1] Ortiz initially sought to have these 64 days credited toward his federal sentence. He subsequently withdrew this argument.

asked prison officials to let him attend the hearing, but to no avail.

On March 24, 2008, Ortiz became entitled to a conditional release from his state burglary sentence. However, he remained in federal custody and he was not conditionally released at this time.

On May 16, 2008, Ortiz was sentenced to a 120-month federal prison term for his federal crimes.

On June 12, 2008, Ortiz was released to the custody of the state of New York to serve out the remainder of his state burglary sentence. On July 3, 2008, he was released by the New York Department of Corrections and returned to federal custody, where he remains to date.

The Sentence Calculation

In calculating Ortiz's federal prison sentence, the Bureau of Prisons initially gave Ortiz credit for 64 days of time spent in custody between April 5 and June 8, 2006, the time between his arrest for possession of drugs and firearms and his sentencing in the burglary case. But the Bureau of Prisons later revoked this credit after determining that Ortiz was in state custody and that these 64 days had already been applied toward Ortiz's state burglary sentence.

After receiving submissions from Ortiz's attorney and the Government, Judge Irizarry recommended to the Bureau of Prisons that petitioner's federal sentence be calculated as having begun on March 25, 2008, the day after petitioner was entitled to a conditional release on his burglary charge. Ortiz's attorney also asked Judge Irizarry to recommend that he be given credit for

time served between September 24, 2007, and March 24, 2008, because he was eligible for parole on September 24, 2007, and would likely have been released on that date. The court denied that request, finding that Ortiz's argument rested "on the unfounded assumption that 'it seems likely' the State Parole Board would have granted parole."

The Bureau of Prisons complied with Judge Irizarry's request. Ortiz's sentence for his federal charges began to run on March 25, 2008.

The Claims

Ortiz claims that he would have been released from his state sentence had he been allowed to attend the September 24, 2007, parole hearing, and thus his federal sentence should have started running as of that date instead of March 25, 2008. Adopting Ortiz's interpretation would give him credit for 182 days of time served.

Ortiz exhausted his administrative remedies before filing this petition. He has submitted copies of letters to various prison officials and their responses, demonstrating exhaustion.

## DISCUSSION

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate method of challenging the computation of a prison sentence, including credit for time served. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006). Generally, producing a state prisoner under a writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. See Jiminez v. Warden, 147 F. Supp. 2d 24, 28 (D. Mass. 2001). Thus, time in

custody pursuant to that writ does not count toward a federal sentence because the time is credited toward the state sentence.  See 18 U.S.C. § 3585(b) (providing that credit can be given for time "that has not been credited against another sentence").

Ortiz seeks credit for serving his federal sentence from September 24, 2007, to March 24, 2008, but there is no dispute that this time was credited against his state burglary sentence.  Instead, Ortiz argues that because the federal authorities prevented him from going to his state parole hearing on September 24, 2007, and because he likely would have prevailed at such a hearing and obtained his release, this time should be treated as having been time served on his federal sentence.

Ortiz relies on Rosemond v. Menifee, 137 F. Supp. 2d 270 (S.D.N.Y. 2000).  In Rosemond, the petitioner brought a § 2241 petition, alleging that, two days before he was entitled to conditional release on a New York State parole-violation sentence, he was taken into federal custody on a writ of habeas corpus ad prosequendum.  He then remained in federal custody pursuant to the writ for nearly three months beyond his conditional release date before he was returned to New York State custody.  Two days after being released back to state custody, he received his conditional release from the New York State sentence.  Although the Rosemond court recognized that normally the Bureau of Prisons is not required to give a federal prisoner credit on a federal sentence for time spent serving a state sentence, the court applied an exception to this rule which applies when "the continued state confinement was exclusively the

5

product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." Id. at 274 (quoting Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982)).  The court found it persuasive that the petitioner had only two days left until his conditional release when he was taken into federal custody on the writ and that he was ultimately released by New York state two days after the federal authorities released him back into state custody.  Id. at 275.  The court found these circumstances to be strong evidence that the petitioner would indeed have been released on his conditional release date but for the federal writ, and thus gave the petitioner credit for time served on his federal sentence starting on his state conditional release date.  Id.

    Here, unlike Rosemond, Ortiz is not seeking credit for time served beginning on the date he was entitled to conditional release.  In fact, he already received that credit based on the recommendation of Judge Irizarry.  Ortiz seeks more: credit for time served starting with his parole-eligibility date, which was six months before his conditional release date.  As Judge Irizarry, who presided over Ortiz's criminal case noted, Ortiz's argument rests on the flawed assumption that, had he appeared the parole hearing, he surely would have been released on that date.  Ortiz offers nothing more than his opinion that he would have been granted release.  Unlike in Rosemond, there is no factual support showing that Ortiz would have been released on that date.

    Without any evidence that Ortiz actually would have been paroled if he had appeared at his September 24, 2007, parole hearing, the court finds that

6

Ortiz is not entitled to credit for time served between his September 24, 2007, state parole eligibility date and his March 24, 2008, conditional release date.

### Conclusion

For the foregoing reasons, the court denies the petition.

As Ortiz has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C. § 2253(c). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

So ordered.

Dated: New York, New York
       November 19, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/13

Mailed from Chambers to:

Eric Ortiz
74481-053
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, NY  10963